Good morning your honors. May it please the court. My name is Adrian Hall. I'm here representing Mr. Jose Diaz-Benitez and his appeal. Since this case was briefed as you've seen in the government's J letter there's been a holding in Castares-Olla versus United States which I think explodes the notion that a guideline for determining enhancements for illegal reentry convictions can be based simply on the victim's age and therefore what we really need to look at is whether Judge Bury erred in deciding that the statutory that that the pre-sentence reports finding that the lower court conviction in Washington constituted a statutory rape now qualifies as a crime of violence after Castares and I submit of course that it does not because a rape, a statutory rape requires things that simply weren't present in the Washington statute namely you have to have penetration or intercourse. The Washington statute requires only sexual contact and in the case I cited in my reply brief sexual contact in Washington can mean a contact through the clothing which the federal courts have in this circuit have held is not sufficient. Is that the Sumaloa case from Washington? Yes it is. Additionally the Washington statute contains no compulsion can be implied by the age of the defendant as was done in Castares then you cannot imply a compulsion element in the Washington statute. Additionally there's no four-year age differential in the Washington statute. The Washington statute talks about actually there's a scenario by which the perpetrator can be younger than the victim in the Washington statute. All it requires is that an actor under the name under the age of 18 years old has sexual contact with a victim who's between the ages of 14 and 16. So your perpetrator can be three years younger than 18 and your victim can be close to 16 and the perpetrator is older than the victim in that case. So clearly the Washington statute can't be classified as a statutory rape. Can you tell me what's our standard of review for this case? Sir, my contention is that the standard of review is abuse of discretion. Why isn't it plain error? Well, I don't believe it's plain error because in the court below I objected to the use of the prior conviction under any circumstances. In other words, I didn't care whether it was a rhinoceros or a hippopotamus. My contention was it's not a mammal. Well, that doesn't really help the trial court because he's not thinking about mammals and hippopotami. The idea of plain error is to alert the Court to your objection such that we can say that it was objected to and the district court made error, de novo or whatever it is. But if you don't make the specific objection, then it's not a plain error. How would you argue, based upon the objections that he heard, that the trial court heard, that we would review for anything other than plain error? Well, even under the plain error standard, Judge Wallace. I'll start off with whether we go to plain error, if you would. It seems to me it's a little difficult to say the judge was aware just because you say I object to everything having to do with the issue that there's been a communication of your specific objection. Well, my specific objection was that under Taylor analysis, you have to identify what the statute of conviction is and you have to know what the elements are. And my objection was that none of those elements were established in the case below because of the freakish nature, if you will, of the way the change of plea was heard in the case below. There was no factual finding to establish what the factual basis was. And that was the basis of your objection? Yes, sir. So if we don't agree with that and we think it's plain error, how would you organize your argument to show this was plain error? Well, then I would suggest, sir, that it was plain because, well, number one, that it was an error. We now know that... We now know. We now know. And under the Supreme Court case, United States v. Johnson, which sets failed to object below to the trial court's determination that the issue of materiality of a false statement in a perjury case was a matter for the judge to decide. Everybody assumed that that was the case law at the time and the defendant didn't object. Well, by the time it got up to the Court of Appeals in the Supreme Court, it was determined that, no, that's a jury question and that has to be determined by the jury. And that's plain error because it affected the substantial rights of the defendant. Well, actually, in the Johnson case, they determined that it did not affect the substantial rights in his case. But I would certainly argue that the substantial rights of my client were affected here because instead of having no enhancement, he got a 16-level enhancement in his sentencing range instead of being 4 to 6 months or something like that. It was 46 to 51. So I think even under the plain error standard and the holding in Johnson, that even if there's a change in the case law, but by the time that the case gets to the Court of Appeals, the Court of Appeals should look at the – should look to determine whether the error was plain under the current standard. Okay. The only other point I wanted to make, because I want to reserve some time because I know Ms. Seeger has implied that she's going to bowl me a wicked googly here. And – but the other argument that was made below, which I – We wait with bated breath on what that might be. The other argument that was made below, you know, kind of gets back to the plain error issue on the other side, because the pre-sentence report talked about a crime of violence as a statutory rape. And now the government wants to argue that, well, even if it wasn't a statutory rape, it was – it was actually sexual abuse of a minor. But even under that standard, the Washington statute doesn't qualify. It's not sexual abuse of a minor because this Court has held in Palaio and Medina, the other cases cited that sexual conduct between a 14 – between a person against a victim who's between 14 and 16 years of age is not per se abusive. There's a long discussion about that. And finally, there's, again, the Washington case law that says that a sexual act can occur through the clothing. Is a sexual abuse of a minor under Washington law, is that 14 to 15? Well, they're different. In our case, it's 14 to 16. 14 to 16, not 14 to 15? That's correct. Okay. And if I can, I'd like to save the rest of my time. You may. May it please the Court, Erica Sager on behalf of the District of Arizona. The defendant's prior conviction in this case can still qualify as a forcible sex offense, even taking into account this Court's recent holding in Caceres, Oya. The Court in Caceres, Oya distinguished cases where the absence of a consent defense did not exist from cases where consent was deemed legally invalid, such as where consent is involuntary, incompetent, or coerced. And this is a different situation in this case. The Washington statute provides that the victim has to be at least 14 and under 16, and there has to be a 48-month age difference between the perpetrator of the crime and the victim in this case. And that is not the case that the Court had in Caceres. In this case, there is a defense under Washington law that if the victim, the defendant believes the victim is over 16 or is less than 36 months younger than the perpetrator, then the defendant would have an affirmative defense. And that's a different situation because it's not whether there was actual consent. Involved in the case, whether the victim in this case actually consented is irrelevant for purposes of this Court's determination. The difference between the Florida statute in Caceres and the statute here is the 48-month age difference. And this Court has held in numerous other circumstances that it's that 48-month age difference. It's the combination of the immaturity of the victim, in this case, being under the age of 16, combined with the age difference between the victim and the perpetrator. In this case, it would be at least 48 months. It's that situation that renders any consent legally invalid, because you have the combination of both the immaturity of the victim and the age difference between the victim and the perpetrator. So the Court can affirm under a plain-error standard the forcible sex-offense enhancement in this case. As I briefed in the brief, the government's position is that this is a plain-error standard of review. I understand that the defendant did raise, under Custis v. United States,   he raised a plain-error standard of review. Objection to the use of the conviction because it was a legal fiction. When you look at the change-of-plea transcript and the charging document in this case, it's clear that the victim was actually only 6 or 7 years old, but the defendant pled to a lesser offense. And in order to plead to that lesser offense, there had to be a legal fiction with regard to the age of the victim in this case. So the statute that the defendant was originally charged under required the victim to be under 12, but the statute that he pled guilty to required the victim to be at least 14 but under 16. But he said that's not a crime of violence. I mean, that's what he told the judge. It's not a crime of violence. So why isn't that a legal question at that time and now? Well, Your Honor, the defendant didn't object that it wasn't a crime of violence. He objected to the use of the legal fiction that the defendant pled guilty to and the use of the in-ray bar decision out of Washington as the factual basis for the defendant to be able to plead to a legal fiction. He never objected to the imposition of the enhancement, for example, by arguing it wasn't statutory rape or it wasn't sexual abuse of a minor or it wasn't a forcible sex offense. He objected to the use of the conviction in that he never should have been convicted to begin with. And I think that's a different standard that this Court can consider, and that's the government's position as to why this is a plain error standard of review. Further, just to clarify, although the pre-sentence report did find that the 16-level enhancement was appropriate, I believe based on statutory rape or sexual abuse of a minor, when you look at what the government actually argued in this case, the government did not argue that the prior statute met the definition of sexual abuse of a minor or statutory rape. In the government's response to the defendant's objections, in addition to arguing that a conviction cannot be collaterally attacked before the district court, the government's sole argument was, in fact, that it met the definition of forcible sex offense. The government concedes that this statute does not meet this Court's definition of either sexual abuse of a minor or of statutory rape. So if Caceres is in his favor, you lose. If there's some give in the joints of Caceres, you could win still. That's what it boils down to. Yes, Your Honor. That is exactly what it boils down to. All right. If the Court has no other questions, I would ask this Court to affirm the imposition of the enhancement under the plain error standard. Thank you. Well, I'd like to address four or five things as quickly as I can here. There's a serious question about exactly what elements of the charge my client pled guilty to. He was charged as though he were the perpetrator. But the statement in what's called the defendant's statement, which is at page 15 of the APLE's excerpts of record, there's a handwritten statement in there of what the defendant is pleading guilty to. And it said, I caused a person under 18 years of age to have sexual contact with a person between 14 and 16, et cetera, in tracking the statute. So he caused another actor to have sex with the victim. That's what the statement of facts recites. And I point out to the Court that my client's illiterate in his native language, which is Spanish, and certainly in English. So he didn't write that. Somebody else did. The question of the age difference that the government would like you to focus on to distinguish Caceres, that is the 48-month age difference, I think is irrelevant here. Number one, Caceres talks, it doesn't talk about the difference in ages between the victim and the perpetrator. It talks about the age of the victim and whether that's per se abusive or not. And 14 to 16 doesn't cut it. It doesn't matter, frankly, how much older the perpetrator is. Also, the issue of the victim is not relevant here, number one, because it's not established in the factual basis below. We don't know what the age of the victim really was. But you can't even get into that under DeCamp because this isn't a modified analysis question. And finally, I contend that if the government wanted to rely on a different crime of violence determination other than what was in the pre-sentence report that the government should have objected to the pre-sentence report. If they want me to have objected to avoid the plain error review, then they should have done the same thing to avoid being pinned with a statutory rate justification for the crime of violence determination. So thank you. Thank you. The case just argued, United States v. Diaz Benitez, is submitted.
judges: Wallace, McKeown, Gould